SUCCESSION
OF
STEELE.

</div>

## ISRAEL and ELIZABETH CHAMBERS *v.* W. N. G. WORTHAM.

Where community property has been mortgaged by a surviving partner in community, for the purpose of raising funds for the maintenance and education of the heirs, pursuant to the advice of a family meeting, which advice was concurred in by the judge of probates, and the property is afterwards sold to satisfy the mortgage, the heirs cannot reclaim it without at least affirming to refund the amount for which it was mortgaged, with interest. Informalities in a sheriff's sale, of the property of a succession, are prescribed by five years, by the act of 10th March, 1834.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *George S. Lacey* and *A. S. Herron*, for plaintiffs. *Cyrus Ratliff*, for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit is instituted for the recovery of the undivided half of certain land and slaves which the plaintiffs claim as heirs of their deceased mother. There was judgment for the defendant, and the plaintiffs have appealed.

The defendant holds under a purchase of the property at sheriff's sale, made in 1843. The property had been mortgaged to the City Bank, under a decree of the Court of Probates rendered on the advice of a family meeting, for the purpose of raising money for paying the debts of the community, and enabling the father to support and educate the plaintiffs. The decree was made as far back as 1835, and the plaintiffs have had the benefit of the money thus loaned. In 1843, the property was sold under the mortgage, at sheriff's sale, and the defendant's vendor became the purchaser. The sale is regular, and was made under a proper order of the court.

If there were any formalities connected with the sheriff's sale, the plaintiffs' action would be prescribed by five years. Acts of 1834, p. 123.

We are surprised, that an appeal should be taken in a case of this kind, so repugnant to all ideas of justice. The community between the plaintiffs' late father and mother has never been settled, and no offer is made to restore the money which the mortgaged property has been sold to pay, and which was loaned on the faith of a decree rendered at the instance of the plaintiffs' natural tutor, in his representations that the loan was necessary for the plaintiffs' interest. The suit is without equity, and has no foundation in law.

The judgment of the district court is therefore affirmed, with costs.